UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:23-cv-22083-RUIZ/Sanchez

MICHAEL OSTERER,

    *Plaintiff*,

v.

BAM TRADING SERVICES, INC. *et al.*,

    *Defendants*.

_____/

## DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANTS' MOTION TO COMPEL ARBITRATION OR, IN THE ALTERNATIVE, DISMISS PLAINTIFF'S COMPLAINT

Defendants move, pursuant to Section 3 of the Federal Arbitration Act ("FAA") (9 U.S.C. § 3) and the Court's inherent authority, for entry of an order staying discovery in this action pending the Court's resolution of their concurrently filed Motion to Compel Arbitration or, in the Alternative, to Dismiss Plaintiff's Complaint and Strike Class Action Allegations (the "Motion to Compel and Dismiss") (ECF No. 34), which details why Plaintiff Michael Osterer's ("Plaintiff") claims must be arbitrated or, in the alternative, why the Complaint should be dismissed pursuant the provisions of Federal Rule of Civil Procedure 12(b).

First, a stay of all discovery is warranted pending the resolution of Defendants' motion to compel arbitration because, as a practical matter, discovery will be stayed after the motion is resolved regardless of whether the Court grants or denies it. If the Court compels arbitration, this action will be stayed while the claims are arbitrated. If the Court denies the motion to compel arbitration, then discovery will be stayed pending appeal under *Coinbase, Inc. v. Bielski*, 599 U.S. ----, 2023 WL 4138983 (2023). Accordingly, Defendants request a limited stay of discovery to ensure that the efficiencies of arbitration are respected, to preserve judicial resources and to prevent the parties and the Court from incurring significant costs and burdens that will be wasted upon

resolution of Defendants' Motion to Compel and Dismiss.

Second, discovery should be stayed pending the resolution of Defendants' Motion to Compel and Dismiss pursuant to *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366-68 (11th Cir. 1997), and its progeny, because Defendants' motion to dismiss is meritorious and will dispose of the case entirely. This stay is necessary to preserve judicial resources and to prevent the parties and the Court from incurring significant costs and burdens that will not be needed if Defendants' motion is granted.

## INTRODUCTION

There is no basis for the Complaint to proceed in this Court, and thus all discovery should be stayed until threshold issues are resolved. As detailed in Defendants' Motion to Compel and Dismiss, this case should be stayed or dismissed for three independent reasons: (1) Plaintiff's claims are subject to mandatory arbitration, (2) the Court lacks personal jurisdiction over Binance, and (3) the Complaint fails to state a claim. Defendants' Motion to Compel and Dismiss readily satisfies the "good faith" standard for granting a discovery stay pending resolution of a motion to compel arbitration. *See Parsons v. Advanced Call Center Techs., LLC*, 2018 WL 11458650, at *1 (S.D. Fla. Apr. 13, 2018) (Marra, J.) (granting stay of discovery pending resolution of motion to compel arbitration and motion to dismiss). Thus, a stay is required under both the FAA and Supreme Court and Eleventh Circuit precedent.

First, all claims pled in the Complaint are subject to mandatory final and binding individual arbitration. Plaintiff's theory is that Defendants are liable for the theft of his cryptocurrency from an exchange that is unaffiliated with Defendants by unknown hackers also unaffiliated with Defendants because the hackers allegedly deposited the stolen cryptocurrency in Binance accounts (among others). Plaintiff alleges that Binance should have, but did not, stop the hackers from

ultimately withdrawing the funds by freezing their accounts in order to collect fees on the hackers' transactions.

The bases for all of Plaintiff's claims and the relief he seeks derive directly from Binance's Terms of Use, which authorize Binance to freeze accounts and collect transaction fees. Those Terms also include a mandatory arbitration clause. Because Plaintiff is relying on the "underlying contract to make out his or her claim" (i.e., Binance's Terms of Use), widely accepted estoppel principles bind him to the mandatory arbitration provision in that same contract. *Bailey v. ERG Enterprises, LP*, 705 F.3d 1311, 1320 (11th Cir. 2013). Plaintiff cannot selectively rely on part of Binance's Terms of Use to make out his claims while ignoring the parts he does not like.

Based on existing Eleventh Circuit case law and the Supreme Court's recent decision in *Coinbase*, the case is likely to proceed on one of the following two paths with respect to arbitration:

> *Path 1:* The motion to compel arbitration will be granted and the case will be stayed in favor of arbitration. For more than 30 years, the Eleventh Circuit has made clear that discovery may *not* go forward in the district court once arbitration has been compelled. *See Suarez-Valdez v. Shearson Lehman/Am. Express, Inc.*, 858 F.2d 648, 649 (11th Cir. 1988).
>
> *Path 2:* If the case is not referred to arbitration, Defendants have the statutory right to immediately appeal, and discovery would be subject to a mandatory stay pending the outcome. *Coinbase*, 2023 WL 4138983, at *7 (holding that "after [Defendant] appealed from the denial of its motion to compel arbitration, the District Court was required to stay its proceedings"); *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1253 (11th Cir. 2004) ("[I]t makes little sense for the litigation to continue in the district court while the appeal is pending.").

Given these two possible paths forward, allowing discovery to proceed pending resolution of the threshold arbitration question would undermine the arbitration agreement and contravene binding precedent. Accordingly, the Court should stay discovery pending resolution of Defendants' motion to compel arbitration pursuant to Section 3 of the FAA.

Second, the Court should stay merits discovery pursuant to *Chudasama* and its progeny,

3

which authorize a Court to stay discovery pending the resolution of likely meritorious and dispositive motions to dismiss. A "*Chudasama* Stay" is warranted here because the Motion to Compel and Dismiss asserts jurisdictional and merits challenges, which are "likely meritorious and dispositive of the case." *Bufkin v. Scottrade, Inc*., 812 F. App'x 838, 841-42 (11th Cir. 2020).

ARGUMENT

A. **Discovery Should Be Stayed Pending A Ruling On Defendants' Good-Faith Motion To Compel Arbitration**

The threshold issues presented by Defendants' Motion to Compel and Dismiss warrant a stay of discovery pending the Court's ruling, particularly in light of the Supreme Court's recent decision in *Coinbase*. If Defendants' motion to compel arbitration is granted and the case is stayed in favor of arbitration, any discovery would proceed in arbitration under the more streamlined discovery procedures in that forum. If, on the other hand, Defendants' motion to compel arbitration is denied (in whole or in part), Defendants intend to appeal that decision, and the case will be subject to a mandatory stay pending the appeal. *See Coinbase*, 2023 WL 4138983, at *7.

The Supreme Court's recent decision in *Coinbase* is particularly relevant here. In *Coinbase*, an operator of an online platform where users can buy and sell cryptocurrencies filed and lost a motion to compel arbitration pursuant to a user agreement that contained an arbitration clause. Coinbase then exercised its statutory right to an immediate appeal pursuant to 9 U.S.C. § 16(a), eventually resulting in the U.S. Supreme Court granting *certiorari*. The sole question before the Supreme Court was "whether the district court must stay its pre-trial and trial proceedings while the interlocutory appeal is ongoing." *Id.* at *2. The Supreme Court answered that question in the affirmative, concluding that the district court must stay its proceedings. *Id*.

The Supreme Court explained that because "the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially 'involved in the

4

appeal.'" *Id*. at *3 (citation omitted). Accordingly, the Supreme Court held that a district court must stay its proceedings while the appeal on the threshold question of arbitrability is pending. *Id*. The Supreme Court noted that this common practice among the lower courts in § 16(a) cases reflects "common sense," and explained:

> Absent an automatic stay of district court proceedings, Congress's decision in § 16(a) to afford a right to an interlocutory appeal would be largely nullified. *If the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along.* Absent a stay, parties also could be forced to settle to avoid the district court proceedings (including discovery and trial) that they contracted to avoid through arbitration. That potential for coercion is especially pronounced in class actions, where the possibility of colossal liability can lead to what Judge Friendly called "blackmail settlements."

*Id*., *4 (emphasis added).

While *Coinbase* involved a stay during the pendency of an appeal, the Supreme Court's reasoning derives from the structure of the FAA and applies equally to the scenario where, as here, a motion to compel arbitration is pending before the district court. Accordingly, discovery should not proceed while the Court is deciding the threshold question of whether this case belongs in arbitration. *See Blinco*, 366 F.3d at 1252 (staying discovery pending appeal of the denial of a motion to compel arbitration); *Suarez-Valdez*, 858 F.2d at 649 (holding that the "district court erred in refusing to stay discovery" where there was an "agreement to arbitrate…[and] proceed under arbitration and not under court rules").

While stays based on pending Rule 12 motions to dismiss (*i.e.*, "*Chudasama* Stays") are frequently evaluated by Florida district courts in the Eleventh Circuit under the "preliminary peek" framework, federal courts in Florida frequently evaluate requests for discovery stays based on pending motions to compel arbitration under a different standard: good faith. Indeed, when

granting a stay of discovery pending a ruling on a motion to compel arbitration, as Judge Marra noted in *Parsons*, courts "have routinely stayed discovery into the underlying merits of the case when a motion to compel arbitration has been filed in good faith." *Parsons*, 2018 WL 11458650, at *1 (quoting *Morat v. Cingular Wireless LLC*, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008)); *accord Gorelik v. Dillon*, 2010 WL 11553317, at *7 (S.D. Fla. Dec. 15, 2010) (Jordan, J.).

This process is consistent with the structure of the FAA. "[D]iscovery in arbitration is designed to be less burdensome than discovery under the Federal Rules of Civil Procedure [so] requiring the latter before a decision on arbitration may deprive a litigant of a bargained-for benefit." *Kolici v. Montway, LLC*, 2021 WL 9374959, at *1 (M.D. Fla. Oct. 26, 2021). Indeed, "permitting discovery to proceed in a case that may be subject to arbitration could frustrate one of the purposes underlying arbitration, namely, the inexpensive and expedient resolution of disputes and the easing of court congestion." *Geopolymer Sinkhole Specialist, Inc. v. Uretek Worldwide Oy*, 2016 WL 4769747, at *1 (M.D. Fla. Feb. 3, 2016) (cleaned-up); *Sundial Partners, Inc. v. Atl. St. Cap. Mgmt. LLC*, 2016 WL 4769748, at *1 (M.D. Fla. Mar. 2, 2016) (same); *Smith v. Davison Design & Dev., Inc.*, 2013 WL 12155489, at *1 (M.D. Fla. Dec. 18, 2013) ("[R]efusal to stay discovery on the merits of the claims until the issue of arbitrability is resolved puts the cart before the horse.") (internal quotations and citations omitted).

The same concern is at the core of the Supreme Court's *Coinbase* case. *See Coinbase*, 2023 WL 4138983, at *1 ("If the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along.").

Moreover, a defendant who believes the claims at issue are subject to arbitration "might

also be prejudiced by participating in discovery, [a]s…the Eleventh Circuit has held that one factor in determining whether a party waives its right to arbitration is the extent to which 'a party seeking arbitration substantially participates in litigation to a point inconsistent with an intent to arbitrate.'" *Internaves De Mexico s.a. de C.V. v. Andromeda Steamship Corp.*, 2017 WL 7794599, at *2 (S.D. Fla. Feb. 24, 2017) (Middlebrooks, J.) (quoting *Citibank, N.A. v. Stok & Assoc., P.A.*, 387 F. App'x 921, 924 (11th Cir. 2010)). As the court noted in *Internaves*, a defendant in this situation "should not be put in the position of needing to be uncooperative with [the plaintiff] in order to preserve their asserted rights." *Id.*; *Nicholson v. TracFone Wireless, Inc.*, 2021 WL 4726481, at *1 (S.D. Fla. July 30, 2021) (Altonaga, J.) (accepting the defendant's argument that there was good cause to stay discovery pending ruling on a motion to compel arbitration where such a stay "would avoid unnecessary expense in responding to discovery requests and in litigating aspects of the case that are not related to the arbitration issues"); *Amargos v. Verified Nutrition, LLC*, 22-cv-22111, ECF No. 28 (S.D. Fla. Nov. 17, 2022) (Bloom, J.) (staying all pending deadlines "pending the Court's ruling on Defendant's Motion to Compel Arbitration").

The through line in all of these cases—*Parsons*, *Morat*, *Gorelik*, *Kolici*, *Geopolymer Sinkhole*, *Sundial Partners*, *Smith*, *Internaves*, *Nicholson*, and *Amargos*—is that where a motion to compel arbitration is made in good faith the Court should stay the case *without* conducting a "preliminary peek" analysis.

Defendants submit that the Court should follow the "good faith" framework here and stay discovery pending the Court's decision on Defendants' Motion to Compel and Dismiss. Indeed, this result would be consistent with this Court's previous ruling on the issue. *See Lopez v. Auto Wax of S. Florida, Inc.*, 2021 WL 911176, at *4 (S.D. Fla. Mar. 2, 2021) (Ruiz, J.) (stating that "a stay of discovery is reasonable under these circumstances. If the Court ultimately determines that

the dispute should be arbitrated, responsibility for the conduct of discovery lies with the arbitrators—and if not, Plaintiff has not demonstrated any potential prejudice from a temporary stay.") (cleaned up); *Dawkins v. Carrington Mortgage Services, LLC*, Case No. 2020 WL 13820398, at *1 (S.D. Fla. Aug. 11, 2020) (Ruiz, J.) ("This case is hereby STAYED pending ruling on Defendant's Motion to Compel Arbitration").

### B. The Stay Should Include Discovery Related to Personal Jurisdiction

When adjudicating motions that raise the types of issues in Defendants' Motion to Compel and Dismiss—arbitration and personal jurisdiction—courts routinely find that jurisdictional discovery is not needed because, any such discovery could be rendered moot by the ruling on the motion to compel arbitration. *See e.g. Noel v. Paul*, 2022 WL 4125216, at *1, fn. 1 (N.D. Tex. Sept. 9, 2022) (Because "the Court finds that all of [plaintiff's] claims should be compelled to arbitration or are otherwise rendered moot by this Order; and … the Court's disposition is not based on a lack of personal jurisdiction, [Plaintiff's] Motion[] [for jurisdictional discovery is] **MOOT**."); *Williams v. Red Stone, Inc.*, 2019 WL 9104166, at *2 (E.D. Pa. Mar. 25, 2019) ("Defendants have filed Motions to Compel Arbitration…. Resolving the issue of arbitrability first serves the twin aims of promoting judicial economy and vindicating the Federal Arbitration Act, particularly because the resolution of the Motions to Compel Arbitration may prevent the need for time-consuming and complex discovery…Accordingly, I will deny Plaintiffs' Motion for jurisdictional discovery.") (cleaned-up).

### C. Discovery Should Also Be Stayed Under The Preliminary Peek Framework Pending A Ruling On Defendants' Motion To Dismiss

More than twenty-five five years ago, the Eleventh Circuit held that allowing discovery to proceed before addressing a likely meritorious dispositive Rule 12(b) motion may constitute an abuse of discretion: "[f]acial challenges to the legal sufficiency of a claim or defense, such as a

motion to dismiss based on a failure to state a claim for relief, should … be resolved before discovery begins." *Chudasama*, 123 F.3d at 1367. That principle was reaffirmed in a published opinion five years later. *Horsley v. Feldt*, 304 F.3d 1125, 1131, n.2 (11th Cir. 2002) (affirming stay of discovery during pendency of dispositive motions because "there was no need for discovery before the district court ruled on those motions").

The Eleventh Circuit has continued to apply this principle. In *Isaiah v. JPMorgan Chase Bank*, for example, the Eleventh Circuit reiterated that facial challenges to the legal sufficiency of a claim or defense should be resolved before discovery begins. 960 F.3d 1296, 1308-09 (11th Cir. 2020). The court cautioned that "the failure to consider and rule on these potentially dipositive pretrial motions can be an abuse of discretion." *Id*. at 1309. The Eleventh Circuit has also repeatedly explained that there is no need for discovery before a district court rules on a pending motion to dismiss based on the legal sufficiency of a complaint. *See Little v. CSRA, Inc.*, 834 F. App'x 495, 500 (11th Cir. 2020) (explaining that defendant "was not entitled to discovery at the motion to dismiss stage"); *Steward v. Int'l Longshoreman's Ass'n, Local No. 1408*, 829 F. App'x 913, 917 (11th Cir. 2020) ("Neither the parties nor the court have any need for, or right to, discovery before the court rules on such a motion." ).

As this Court has noted several times over the past few years, a district court's review of a request for a *Chudasama* Stay is limited to whether a defendant has "likely" meritorious challenges to a complaint. *In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, 2021 WL 10428229, at *2-3 (S.D. Fla. Oct. 9, 2021) (Ruiz, J.). For example, this Court explained that the relevant inquiry on a motion to stay pending resolution of a dispositive motion is not whether the "Complaint could ultimately survive Defendants' challenges," but whether defendants present "legitimate…challenges" to the sufficiency of the complaint that should be resolved before

discovery commences. *Id.*; *Goldstein v. Costco Wholesale Corp.*, 2021 WL 2827757, (S.D. Fla. July 8, 2021) (Ruiz, J.) (same reasoning and conclusion); *Leace v. Gen. Motors LLC*, 2021 WL 2827759 (S.D. Fla. July 8, 2021) (Ruiz, J.) (same); *Point Conversions, LLC v. Lopane*, 2020 WL 6700236, at *2 (S.D. Fla. Oct. 29, 2020) (Ruiz, J.) (same).

In instances, like here, where a likely meritorious dispositive motion is presented, another factor favoring a stay of discovery is the presence of the potentially significant "costs and burdens of proceeding with discovery." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006); *accord Taylor v. Serv. Corp. Int'l*, 2020 WL 6118779, at *3-4 (S.D. Fla. Oct. 16, 2020) (Ruiz, J.). As the Eleventh Circuit has acknowledged, discovery imposes significant costs, and allowing discovery to proceed before a motion to dismiss is decided "encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs." *Chudasama*, 123 F.3d at 1368. This Court noted in *Taylor* and *In re Mednax* that concerns expressed by the Eleventh Circuit are particularly pertinent where, as here, the challenged complaint is a putative class action. *See Taylor*, 2020 WL 6118779, at *3 and *In re Mednax*, 2021 WL 10428229, at *2.

The "likely meritorious" standard is easily met here. Defendants' Motion to Compel and Dismiss contains several meritorious challenges to the Complaint, which should dispose of this action in its entirety: (1) the Court lacks personal jurisdiction over Binance, and (2) the Complaint fails to state any viable claim. The required "preliminary peek" underlying each of these bases for dismissal is provided below.

      **i.**    **Plaintiff Has Not Established Personal Jurisdiction Over Binance**

Defendants' Motion to Compel and Dismiss demonstrates that Plaintiff cannot establish that the Court has personal jurisdiction over Binance. Plaintiff never even attempts to allege that Binance is at home in Florida, so the Court has no direct general jurisdiction over it. In addition,

the Complaint is devoid of factual allegations indicating that Binance targeted Florida or that any of the claims asserted against these defendants arise out of or relate to their contacts with Florida. *See, e.g.*, *Miro v. Doe*, 2023 WL 2734374, at *4 (S.D. Fla. Mar. 31, 2023) (Smith, J.) (dismissing claims against Binance Holdings Ltd. for lack of personal jurisdiction); *Guarini v. Doe*, 2022 WL 20180341, at *4 (S.D. Fla. April 5, 2022) (Middlebrooks, J.) (same). Thus, the Court has no specific jurisdiction over Binance either.

Instead, Plaintiff relies entirely on the idea that Binance and BAM are alter egos; however, Plaintiff fails to carry the "very heavy burden" of establishing this. *See Iglesias v. Pernod Ricard*, 2020 WL 13367465, at *5 (S.D. Fla. Aug. 17, 2020). Indeed, Judge Middlebrooks and others have already scrutinized and debunked this alter ego theory. *See Guarini*, 2022 WL 20180341 at *3 (dismiss action against Binance for lack of personal jurisdiction finding that BAM is not actually affiliated with Binance such that its contacts can be imputed to Binance); *Reynolds v. Binance Holdings Ltd.*, 481 F. Supp. 3d 997, 1008 (N.D. Cal. 2020) ("Binance is not subject to personal jurisdiction as BAM's alter ego."); *Miro*, 2023 WL 2734374, at *4 (dismissing action against Binance for lack of personal jurisdiction).

For these reasons, Defendants should *not* be required to participate in discovery prior to the Court deciding their challenges to the Court's lack of personal jurisdiction. *Cf. Vax-D Med. Techs., LLC v. Texas Spine Med. Ctr.*, 485 F.3d 593, 597 (11th Cir. 2007) (finding that by "participating in discovery," the defendants "submitted themselves to the jurisdiction of the district court and waived any defense to…lack of personal jurisdiction." ).

      ii.    **Plaintiff's Complaint Fails To State A Claim Upon Which Relief May Be Granted**

The Motion to Compel and Dismiss demonstrates that Plaintiff has failed to state any claim for relief against Defendants. "[E]ven the most cursory review of [Plaintiffs'] shotgun complaint

reveals that it contains [claims]…of questionable validity," and, thus, allowing the "case to proceed through discovery without" first adjudicating the Motion to Compel and Dismiss would be unwarranted. *Chudasama*, 123 F.3d at 1368-69; *In re Mednax*, 2021 WL 10428229, at *2 (staying discovery pending resolution of motion to dismiss for failure to state claim because defendants identified "notable pleading deficiencies" regarding all of plaintiffs' claims).

### a. Plaintiff Fails to State a Claim for Conversion

Plaintiff fails to plausibly state any of the elements of conversion. Specifically, as set forth in the Motion to Compel and Dismiss, the Complaint: (1) is devoid of any plausible, non-conclusory allegations of intent, (2) does not and cannot state or establish that Binance asserted any dominion over the assets in question, and (3) does not plausibly allege that Binance was the party that interfered with Plaintiff's right of possession.

### b. Plaintiff Fails to State a Claim for Aiding and Abetting Conversion

As explained in the Motion to Compel and Dismiss, Plaintiff fails to state a claim for aiding and abetting conversion because the Complaint is devoid of any allegations to support a plausible claim that Defendants possessed the requisite actual knowledge or substantially assisted in the alleged conversion of Plaintiff's stolen cryptocurrency.

### c. Plaintiff Fails to State a Claim for Unjust Enrichment

As detailed in the Motion to Compel and Dismiss, Plaintiff fails to state a claim for unjust enrichment because (1) it is duplicative of Plaintiff's conversion claim, which also provide an adequate remedy at law; (2) Plaintiff fails to allege that Binance has been unjustly enriched at Plaintiff's expense; and (3) Plaintiff lacks a "sufficiently close relationship with [Binance]." *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516, 518 (2012). Here, there are no allegations that Binance had any dealings or contact with Plaintiff at all, let alone regarding the transfer of the assets at issue. In fact, the Complaint does not allege that Binance was aware of Plaintiff's existence.

Accordingly, Defendants' Fed. R. Civ. P. 12(b) defenses are sufficiently meritorious to warrant a limited stay of discovery pending resolution of the Motion to Compel and Dismiss.

## CONCLUSION

For the reasons set forth above, this Court should enter an order staying discovery pending the Court's ruling on Defendants' Motion to Compel and Dismiss.

## S.D. FLA. L.R. 7.1(A)(3) CERTIFICATION

Pursuant to S.D. L.R. 7.1(a)(3), counsel have met and conferred and were unable to come to an agreement on the requested relief herein.

Dated: July 21, 2023

By: *Aaron S. Weiss*
Aaron S. Weiss (FBN 48813)
aweiss@carltonfields.com
Carlton Fields, P.A.
700 N.W. 1st Ave., Ste. 1200
Miami, Florida 33136
Telephone: 305-530-0050

Christopher N. LaVigne (pro hac vice)
christopher.lavigne@withersworldwide.com
Withers Bergman LLP
430 Park Avenue, 10th Fl.
New York, New York 10022
Telephone: 212-848-9800

*Counsel for Defendant Binance Holdings, LTD. d/b/a Binance*

By: *Adam M. Foslid*
Adam M. Foslid (FBN 682284)
Email: afoslid@winston.com
Winston & Strawn LLP
200 S. Biscayne Blvd., Ste. 2400
Miami, Florida 33131
Telephone: 305-910-0646

*Counsel for Defendant BAM Trading Services Inc. d/b/a Binance.US*