UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-22083-RAR/EIS

MICHAEL OSTERER, individually and on
behalf and all others similarly situated,

    *Plaintiff*,

v.

BAM TRADING SERVICES INC. d/b/a
BINANCE.US, a Delaware corporation,
and BINANCE HOLDINGS, LTD. d/b/a
BINANCE, a foreign company,

    *Defendants*.
_____/

## JOINT SCHEDULING REPORT

Plaintiff Michael Osterer and Defendants BAM Trading Services Inc. d/b/a Binance.US ("BAM") and Binance Holdings, Ltd. d/b/a Binance ("Binance") ("Defendants") (collectively, the "Parties") submit this Joint Scheduling Report pursuant to the Court's Order Requiring Joint Scheduling Report [D.E. 11], Federal Rule of Civil Procedure 26(f)(3), and Southern District of Florida Local Rule 16.1(b). In accordance with S.D. Fla. L.R. 16.1(b)(1), the Parties met telephonically on July 6, 2023. The Court granted the Parties an extension to file this Report until July 28, 2023. [D.E. 19.] The Parties are contemporaneously filing a Stipulation pertaining to Defendants' Motion to Stay Discovery [D.E. 35] and Defendants' Motion to Compel Arbitration or, in the Alternative, to Dismiss Plaintiff's Complaint and Class Action Allegations [D.E. 34], in which they propose a schedule regarding Plaintiff's desired arbitration-related discovery in advance of Plaintiff responding to Defendants' efforts to compel arbitration and pursuant to which Plaintiff reserves his right to request personal jurisdiction discovery from Binance. With the

1

Court's approval, a stay of class certification and merits discovery will occur pending the Court's ruling on the arbitration issue, and briefing of Defendants' arguments for dismissal will be extended until after the arbitration ruling. With that predicate, the Parties report as follows:

**Defendant's Prefatory**
**Statement Regarding Arbitration**

At the outset, Defendants note their position that Plaintiff's claims are subject to binding arbitration, on an individual basis. Accordingly, Defendants moved to compel arbitration on July 21, 2023, accompanied by a motion to stay other aspects of the case (including discovery) pending resolution of the arbitration issue. While he does not concede that the claims are subject to arbitration, Plaintiff agrees that Defendants are not waiving their ability to compel arbitration by participating in the court ordered Joint Scheduling Conference.

**I.  Conference Report, as set out by L.R. 16.1(b)(2)**

**A.  Likelihood of Settlement (16.1(b)(2)(A))**

The Parties do not believe settlement is likely or that mediation would be fruitful in the near term prior to the resolution of initial motions. Defendants filed a motion to compel arbitration and, in the alternative, to dismiss the Complaint on various grounds under Federal Rule of Civil Procedure 12(b), including that the Court lacks jurisdiction over certain of the Defendants and, in the alternative, the Complaint fails to state a claim against the Defendants (the "Motion to Compel and Dismiss"), on or before July 21, 2023.[1]

**B.  Likelihood of Appearance of Additional Parties (16.1(b)(2)(B))**

The Parties do not anticipate the appearance of additional parties in this matter prior to the

---

[1] Defendants expressly reserve their ability to move to compel arbitration and/or to argue that the Court lacks jurisdiction over Defendant Binance Holdings, Ltd. For the avoidance of doubt, Defendants' participation in the meet and confer on July 6, 2023, and submission of this Joint Scheduling Report is made subject to, and without waiver of, Defendants' arbitration and jurisdictional arguments and defenses.

adjudication of a pre-answer motion. There is the potential for additional plaintiffs to be added.

      **C.**      **Proposed Limits on Time (16.1(b)(2)(C))**

The Parties request, with the Court's approval, to delay the setting of time limits until after the Court has decided the Motion to Compel and Dismiss as to arbitration and personal jurisdiction issues.

      **D.**      **Proposals for the Formulation and Simplification of Issues (16.1(b)(2)(D))**

The Parties do not have any proposals for the simplification of issues. As this case progresses, counsel shall discuss proposals for the formulation and simplification of issues. The Parties will endeavor to streamline the case to the fullest extent possible.

      **E.**      **Necessity or Desirability of Amendments to Pleadings (16.1(b)(2)(E))**

The Parties do not anticipate the need to amend any pleadings at this time.

      **F.**      **Possibility of Obtaining Admissions and Stipulations (16.1(b)(2)(F))**

The Parties agree to work in good faith at an appropriate time to obtain admissions and stipulations that will limit the issues in dispute and reduce the need for advance rulings from the Court on the admissibility of evidence.

      **G.**      **Suggestions for Avoidance of Unnecessary Proof and Cumulative Evidence (16.1(b)(2)(G))**

At this time, the Parties do not have any suggestions for the avoidance of unnecessary proof and of cumulative evidence. As this case progresses, the Parties will, in good faith, confer to discuss such suggestions and will make such suggestions to the Court in advance of trial.

      **H.**      **Suggestions on Advisability of Referral to Magistrate Judge (16.1(b)(2)(H))**

The Parties consent to refer discovery motions to a Magistrate Judge, subject to the right to appeal such orders to the District Judge, as provided by S.D. Fla. L.R. Magis. R. 4(a) and 28 U.S.C. § 636(b)(1)(A). The parties do not consent to trial by a Magistrate Judge, nor to the

disposition of other pre-trial motions by a Magistrate.

      **I.**      **Preliminary Estimate of Time Required for Trial (16.1(b)(2)(I))**

At this time, the Parties estimate that a trial in this matter will take approximately 7 to 10 days if it proceeds as a class action and approximately 2 to 3 days if it proceeds as a single-plaintiff trial.

      **J.**      **Dates for Pretrial Conference and Trial (16.1(b)(2)(J))**

The Parties request, with the Court's approval, to delay the setting of these dates until after the Court has decided the Motion to Compel and Dismiss as to arbitration and personal jurisdiction issues.

      **K.**      **Any Other Discovery Issues (16.1(b)(2)(K))**

The Parties intend to present to the Court a proposed protective order governing the confidentiality of documents and information exchanged in discovery.

The Parties agree to entry of a Fed. R. Evid. 502(d) Order. A proposed Order is attached at *Exhibit A*.

The Parties presently intend to negotiate and submit to the Court an agreed-to ESI protocol.

      **L.**      **Any Other Information Helpful to the Court in Setting Case for Status or Pretrial Conference (16.1(b)(2)(L))**

At this time, the Parties are unaware of any other information that might be helpful to the Court in setting the case for status or pretrial conference.

**II.**      **Joint Proposed Scheduling Order, as set out by L.R. 16.1(b)(3)**

      **A.**      **Assignment of Case to Track Pursuant to L.R. 16.1(a)**

The Parties agree that the Complex Track is the best fit for this case, because it is a putative class action.

### B. Detailed Discovery Schedule

The Parties request, with the Court's approval, to delay the setting of this schedule until after the Court has decided the Motion to Compel and Dismiss as to arbitration and personal jurisdiction issues.

### C. Any Agreements on Issues Regarding Discovery

There are currently no agreements or issues to be decided by the Court regarding the preservation, disclosure, and discovery of documents, electronically stored information, or other tangible things. The Parties will cooperate in good faith to develop protocols to facilitate electronic discovery and govern the privilege and confidentiality issues without the unnecessary involvement of the Court.

## III. The Parties' Proposed Schedule

The Parties request, with the Court's approval, to delay the setting of this schedule until after the Court has decided the Motion to Compel and Dismiss as to arbitration and personal jurisdiction issues.

## IV. Federal Rule of Civil Procedure 26(F)(3) Discovery Plan

**A. What changes should be made in the timing, form, or requirement for disclosure under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties propose no changes.

**B. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Plaintiff initially needs arbitration-related discovery to oppose Defendants' motion, following which Plaintiff may also seek personal jurisdiction discovery. Should the Court determine not to compel arbitration and that Plaintiff has satisfies his burden to assert personal jurisdiction over both (note: only Binance challenges personal jurisdiction), Plaintiff will seek

5

discovery on topics including, but not limited to, Plaintiff's cryptocurrency that was deposited in a Binance account and any of his cryptocurrency later withdrawn or transferred; Defendants' alter ego status; Defendants' account opening and account maintenance policies and procedures; Defendant's Know Your Customer and anti-money laundering policies and procedures; and fees earned by Defendants on cryptocurrency transactions in Binance accounts.

Defendants do not believe arbitration or jurisdiction related discovery is necessary or warranted here for the Court to resolve Defendants' Motion to Compel and Dismiss.. However, per the Parties' contemporaneous Stipulation, Defendants have agreed that Plaintiff may serve additional arbitration-related discovery, the Parties will meet and confer regarding the arbitration related discovery sought, and any disputes about that discovery will be presented to and resolved by Magistrate Judge Eduardo I. Sanchez. The Parties have agreed to stay merits discovery pending resolution of the Motion to Compel and Dismiss.

**C. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties identify no particular privilege or protection issues at this juncture. However, the Parties will prepare and propose a protective order with a clawback provision in addition to the attached Rule 502 Order.

**D. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

At this time, the Parties do not propose any additional limitations on discovery besides what has already been addressed herein.

**E. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

At this time, the Parties do not propose any changes to the limitations imposed under the

Federal Rules of Civil Procedure.

### G. Other Stipulated Matters

The Parties agree that materials that are not required to be filed via CM/ECF shall be served via email at the following email addresses:

For Plaintiffs: ostrow@kolawyers.com

streisfeld@kolawyers.com

sukert@kolawyers.com

dsilver@silvermillerlaw.com.

For Defendants: aweiss@carltonfields.com

bstoll@carltonfields.com

christopher.lavigne@withersworldwide.com,

tgoss@withersworldwide.com

afoslid@winston.com

dstabile@winston.com.

Case 1:23-cv-22083-RAR   Document 37   Entered on FLSD Docket 07/28/2023   Page 8 of 8

| | |
|---|---|
| Dated: July 28, 2023 | Respectfully submitted, |

| | |
|---|---|
| */s/ Jeff Ostrow*<br>Jeff Ostrow, FBN 121452<br>Jonathan M. Streisfeld, FBN 117447<br>Steven Sukert, FBN 1022912<br>**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**<br>One West Las Olas Blvd., Suite 500<br>Fort Lauderdale, FL 33301<br>ostrow@kolawyers.com<br>streisfeld@kolawyers.com<br>sukert@kolawyers.com<br>David C. Silver, FBN 572764<br>**SILVER MILLER**<br>4450 NW 126th Avenue, Suite 101<br>Coral Springs, Florida 33065<br>Telephone: (954) 516-6000<br>dsilver@silvermillerlaw.com<br><br>*Attorneys for Plaintiff and the Putative Class* | */s/ Aaron S. Weiss*<br>Aaron S. Weiss (FBN 48813)<br>aweiss@carltonfields.com<br>**CARLTON FIELDS, P.A.**<br>700 N.W. 1st Ave., Ste. 1200<br>Miami, Florida  33136<br>Telephone:  305-530-0050<br><br>Christopher N. LaVigne (pro hac vice)<br>christopher.lavigne@withersworldwide.com<br>**WITHERS BERGMAN LLP**<br>430 Park Avenue, 10th Fl.<br>New York, New York 10022<br>Telephone: 212-848-9800<br><br>*Counsel for Defendant Binance Holdings, LTD. d/b/a Binance*<br><br>*/s/ Adam M. Foslid*<br>Adam M. Foslid (FBN 682284)<br>Email: afoslid@winston.com<br>**WINSTON & STRAWN LLP**<br>200 S. Biscayne Blvd, Ste. 2400<br>Miami, Florida 33131<br>Telephone: 305-910-0646<br><br>*Counsel for Defendant BAM Trading Services Inc. d/b/a Binance.US* |

8