# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

Case No.: 1:23-cv-22083-RAR/Sanchez

MICHAEL OSTERER, individually and on
behalf and all others similarly situated,

    Plaintiff,

v.

BAM TRADING SERVICES INC. d/b/a BINANCE.US, a Delaware corporation,
and BINANCE HOLDINGS, LTD. d/b/a BINANCE, a foreign company,

    Defendants.

_____/

## JOINT STATUS REPORT

Pursuant to the Court's December 19, 2024 Paperless Order following the Status Conference conducted by the Court on December 19, 2024 [ECF No. 85] -- modified by the Court on June 13, 2025 [ECF No. 94] (the "Orders"), Plaintiff MICHAEL OSTERER ("Plaintiff" or "Mr. Osterer") and Defendants BINANCE HOLDINGS, LTD. d/b/a BINANCE ("Binance") and BAM TRADING SERVICES, INC. d/b/a BINANCE.US ("Binance.US") (collectively "the Parties"), by and through their undersigned counsel of record, hereby submit this Joint Status Report.

### The Hong Kong Arbitration

On or about March 7, 2025, MICHAEL OSTERER commenced arbitration against BINANCE HOLDINGS, LTD. d/b/a BINANCE and BAM TRADING SERVICES, INC. d/b/a BINANCE.US before the Hong Kong International Arbitration Center [HKIAC] under HKIAC Case No.: HKIAC/A25063. That arbitration is presently being stayed at the request of the parties while other legal proceedings that are presently pending in this Court against Binance and Binance.US (as well as former Binance CEO Changpeng Zhao) advance. *See*, *Martin, et al. v. Binance Holdings, Ltd d/b/a Binance, et al.* ("*Martin*") and *Baratta, et al. v. Binance Holdings,*

*Ltd d/b/a Binance, et al.* ("*Baratta*") - U.S. District Court - S.D. Florida - Consolidated Cases 1:25-cv-22100-RAR and 1:25-cv-22202-RAR.  The parties respectfully submit that a stay was necessary, as the outcome of Defendants' Motion to Compel Arbitration in the *Martin* and *Baratta* actions may affect the parties' arbitration strategies.  This stay promotes efficiencies and preserves the resources of the parties, while also promoting the spirit of the Court's order compelling Plaintiff to arbitration [DE 71, the "Arbitration Order"].

### The U.S. Department of Justice Asset Seizure from Binance Accounts of Cryptocurrency Assets Stolen from, *inter alia*, Mr. Osterer

### Plaintiff's Position

Undersigned counsel for Plaintiff learned only a few days before the filing date of this Status Report that, in December 2024, the United States Department of Justice (DOJ) filed a Verified Complaint *in Rem* in the Eastern District of New York identifying cryptocurrency traceable to a portion of Plaintiff's stolen assets at issue in the action before this Court. Specifically, the Verified Complaint sought to forfeit and condemn to the exclusive use and benefit of the United States certain cryptocurrency assets that had been seized by the DOJ from certain identified customer accounts held at Binance -- as well as all proceeds traceable thereto -- which the DOJ had concluded were derived from unlawful activity (*e.g.*, wire fraud) that had victimized several United States-based victims of that unlawful activity.  *See*, *United States of America v. Any and All Virtual Currency on Deposit in Binance Account Associated With User ID 16130005 and Email Address LCD.Jason@gmail.com held in the name of Harish Kumar, etc.*, U.S. District Court - Eastern District of New York - Civil Action No. 1:24-cv-8514 (the "DOJ Asset Seizure Lawsuit").[1] Mr. Osterer (identified in the Verified Complaint as "Victim 1") is one of those victims.

---

[1]  A true and correct copy of the Verified Complaint is attached hereto as **Exhibit "A"**.

Case No.: 1:23-cv-22083-RAR/Sanchez

According to the Verified Complaint in the DOJ Asset Seizure Lawsuit:

- Law enforcement became aware in our about April 2021 of a fraudulent scheme that targeted certain owners of cryptocurrency -- specifically individuals who had an account(s) with U.S.-based cryptocurrency exchange Coinbase. [Verified Complaint at ¶11].

- On or about April 14, 2021, law enforcement became aware that Victim 1 (*i.e.*, Mr. Osterer) had been defrauded of nearly $1.5 million in cryptocurrency that he held in the account that he maintained at Coinbase. [Verified Complaint at ¶18].

- Cryptocurrency tracing analysis established that through fraudulent and/or unauthorized transactions, approximately 238.99 Ethereum of Victim 1's cryptocurrency and approximately 253.95 Ethereum of Victim 1's cryptocurrency ultimately were transferred to two accounts maintained by criminal actors at Binance. [Verified Complaint at ¶27].

- The cryptocurrency tracing analyses conducted in the course of the law enforcement investigation established that after withdrawal from the Coinbase accounts of all of the Victims, the cryptocurrency from these different victims was transferred into many of the same midpoint and ultimately endpoint cryptocurrency wallets, which further supports a determination that the fraud was part of a related and/or coordinated effort by the owners of the Subject Accounts at Binance identified in the Verified Complaint. [Verified Complaint at ¶56].

- Based on the law enforcement tracing analysis, on March 16, 2022, the Honorable James R. Cho, United States Magistrate, Eastern District of New York, issued seizure warrants for the seizure of the defendants *in rem* in the Subject Accounts at Binance, finding probable cause that the Subject Accounts at Binance contained the proceeds of wire fraud, in violation of 18 U.S.C. §1343. [Verified Complaint at ¶58].

- Subsequent to that seizure warrant, the United States transferred the Victims' cryptocurrency that could be recovered into one or more cryptocurrency wallets under the possession, custody and control of the United States government's Federal Bureau of Investigation. [Verified Complaint at ¶59].

Binance did not inform Mr. Osterer, undersigned counsel for Mr. Osterer, or this Court of the March 2022 seizure of those assets stolen from Mr. Osterer and deposited into accounts at Binance. Mr. Osterer and his undersigned counsel only recently learned of the asset seizure when Mr. Osterer received from the United States Attorney - Eastern District of New York a "Notice to Claimant pursuant to Rule G(4)(b)(i)," inviting him to file a claim to the seized assets.

When Mr. Osterer commenced his lawsuit before this Court on June 5, 2023 [DE 1], Binance knew, or should have known, about the March 2022 asset seizure, and that Mr. Osterer's

stolen assets were part of the March 2022 asset seizure. Binance, however, withheld this information and represented to this Court that Mr. Osterer (never a Binance accountholder) should be forced to comply with the Terms of Use to which the criminal actors involved in this fraudulent scheme had purportedly agreed when they opened the Binance accounts they used to perpetrate their criminal activity.

Rule 3.3 of the Model Rules of Professional Conduct ("Candor Toward the Tribunal") provides, *inter alia*, the following:

> (b) **A lawyer** who represents a client in an adjudicative proceeding and **who knows that a person** intends to engage, is engaging or **has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal**. (emphasis added).

Regardless of whether counsel for Binance in this action failed to properly investigate the facts underlying the defenses proffered to this Court on behalf of their client (*see* Fed.R.Civ.P. 11) and therefore was not aware of those key facts <u>or</u> whether counsel *was* aware of the facts that were withheld from the Court (*see* Rule 3.3 of the Model Rules of Professional Conduct), Plaintiff submits that vital information (of which he and his counsel recently became aware) has been withheld from the Court by Binance and its counsel throughout this action, and that this information was material to, and may have affected, the Arbitration Order.

Moreover, Binance has likewise known the proceeds of criminal activity (*i.e.*, Mr. Osterer's stolen assets) were housed on Binance's platform until they were seized by the U.S. government, but that information was also withheld from this Court and from Mr. Osterer. Plaintiff submits that these new revelations warrant a Status Conference with the Court to address these important matters and whether they affect the Arbitration Order and Mr. Osterer's arbitration proceeding before the HKIAC.

Case No.: 1:23-cv-22083-RAR/Sanchez

**Defendants' Position**

On June 13, 2025, this Court ordered that "any future joint status reports required by the Order shall update the Court <u>only</u> as to progress of the arbitration ordered in this action and need not provide any update regarding the *Martin* action." [DE 94]. The only relevant update in this regard is that the *Osterer* arbitration has been stayed. Plaintiff's discussion of the DOJ Asset Seizure Lawsuit is outside the scope of the Court's Orders regarding joint status report updates. Plaintiff avers "that this information was material to, and may have affected the Arbitration Order," yet does not explain how, or why, this information would have affected the Arbitration Order. Thus, Defendants submit that raising this issue in a joint status report, particularly when Plaintiff's counsel sent this draft status update accusing BHL of sanctionable conduct at 3:45 PM the day this Joint Status Report is due to the Court, is inappropriate.

In any case, Defendants disagree with Plaintiff's mischaracterization that BHL, or any other Defendant or their counsel, have withheld information from this Court or Plaintiff. Plaintiff has not explained how the information purportedly withheld from him is related in any way to the Court's decision to compel arbitration, which is based on the independent legal concept of equitable estoppel based on Plaintiff's own allegations. Lastly, this case has been compelled to arbitration and any substantive issues regarding—in Plaintiff's own words—"Mr. Osterer's arbitration proceeding before the HKIAC" should be raised in that arbitration.

Accordingly, Defendants request that the Court deny Plaintiff's request for a status conference. Nonetheless, if the Court is inclined to set a status conference, Defendants request an opportunity to respond to Plaintiff's allegations before such a conference is scheduled.

The Parties will file with this Court supplemental Joint Status Reports every ninety (90) days henceforth in accordance with the Orders, unless and until permitted by the Court to cease the reporting requirements.

Dated:  September 15, 2025

Respectfully submitted,

By: */s/ Daniel T. Stabile*
Adam Foslid (FBN 682284)
afoslid@winston.com
Daniel T. Stabile (FBN 95750)
dstabile@winston.com
Gabriela A. Plasencia (FBN 115788)
gplasencia@winston.com
**WINSTON & STRAWN LLP**
Southeast Financial Center
200 S. Biscayne Blvd., 24th Floor
Miami, Florida 33131
Telephone:  305/910-0500
305/910-0505 (fax)

*Counsel for Defendant BAM Trading Services Inc. d/b/a Binance.US*

By: */s/ Christopher N. LaVigne*
Aaron S. Weiss (FBN 48813)
aweiss@carltonfields.com
**CARLTON FIELDS, P.A.**
700 N.W. 1st Ave., Ste. 1200
Miami, Florida 33136
Telephone:  305/530-0050

Christopher N. LaVigne (admitted *pro hac vice*)
Christopher.lavigne@withersworldwde.com
**WITHERS BERGMAN LLP**
430 Park Avenue, 10th Fl.
New York, New York 10022
Telephone:  212/848-9800

*Counsel for Defendant Binance Holdings, Ltd. d/b/a Binance*

By: */s/ David C. Silver*
David C. Silver (FBN 575764)
dsilver@silvermillerlaw.com
**SILVER MILLER**
4450 NW 126th Avenue, Ste. 101
Coral Springs, Florida 33065
Telephone:  954/516-6000

**ROBBINS GELLER RUDMAN
 & DOWD LLP**
ERIC I. NIEHAUS (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ericn@rgrdlaw.com

**ROBBINS GELLER RUDMAN
 & DOWD LLP**
SAMUEL H. RUDMAN (admitted *pro hac vice*)
EVAN J. KAUFMAN (admitted *pro hac vice*)
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
ekaufman@rgrdlaw.com

**HERMAN JONES LLP**
John C. Herman
3424 Peachtree Road NE, Suite 1650
Atlanta, GA 30326
Telephone:  404/504-6500
jherman@hermanjones.com

*Counsel for Plaintiff Michael Osterer*